In the

# United States Court of Appeals

### for the

# Second Circuit

August Term, 2016

Argued: February 23, 2017
Decided: July 17, 2017

Docket No. 16-726-cv

DIESEL EBOOKS, LLC,

*Plaintiff-Counter-
Defendant-Appellant,*

LAVOHO, L.L.C., successor in interest Diesel Ebooks, L.L.C.,[*]

*Plaintiff-Counter-
Defendant,*

v.

SIMON & SCHUSTER, INC., HOLTZBRINCK PUBLISHERS, LLC, DBA Macmillan, HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS L.L.C., THE PENGUIN GROUP (USA) LLC, the successor to the named defendant The Penguin Group,

*Defendants-Counter-
Claimants-Appellees,*

---

[*] The inconsistent styling of "Diesel eBooks, LLC" and "Diesel Ebooks, L.L.C." in the caption appears throughout the parties' filings in this matter.

VERLAGSGRUPPE GEORG VON HOLTZBRINCK GMBH, THE PENGUIN
GROUP, a division of Pearson Plc,[†]

*Defendants-Appellees,*

APPLE INC.,

*Defendant.*

Before:

KEARSE, HALL, CHIN, *Circuit Judges.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*) granting summary judgment in favor of the Appellees on the issues of antitrust injury and causation. There is no material fact in dispute underlying the conclusion that, as a matter of law, the Appellant suffered no antitrust injury caused by the unlawful antitrust conspiracy. Based on the well-reasoned decision of the district court, *see Lavoho, LLC v. Apple, Inc., et al.*, ___ F.Supp.3d ___, 2016 WL 556636 (S.D.N.Y. Feb. 10, 2016), which we hereby adopt, the judgment of the district court is AFFIRMED.

DEREK T. HO (Collin R. White, *on the brief*), Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., Washington, D.C., *for Plaintiff-Counter-Defendant-Appellant.*

GREGORY SILBERT (James W. Quinn and Yehudah L. Buchweitz, *on the brief*), Weil, Gotshal & Manges LLP, New York, New York, *for Defendant-Counter-Claimant-Appellee Simon & Schuster, Inc.*

Joel M. Mitnick, John J. Lavelle, and Bianca Cadena, Sidley Austin LLP, New York, New York, *for Defendant-Counter-Claimant-Appellee Holtzbrinck Publishers, LLC, DBA*

---

[†] The styling "Pearson Plc" also appears throughout the parties' filings.

*Macmillan and Defendant-Appellee
Verlagsgruppe Georg Von Holtzbrinck
GMBH.*

Linda H. Martin, Freshfields Bruckhaus
Deringer US LLP, New York, New York, and
Samuel J. Rubin, Goodwin Procter LLP, New
York, New York, *for Defendant-Counter-
Claimant-Appellee Hachette Book Group, Inc.*

Charles Scott Lent, Arnold & Porter Kaye
Scholer LLP, New York, New York, *for
Defendant-Counter-Claimant-Appellee
HarperCollins Publishers L.L.C.*

Saul P. Morgenstern, Margaret A. Rogers,
and Alice C.C. Huling, Arnold & Porter Kaye
Scholer LLP, New York, New York, *for
Defendant-Counter-Claimant-Appellee
Penguin Group (USA) LLC.*

PER CURIAM:

Lavoho, LLC, successor in interest to Diesel eBooks LLC, brought this civil antitrust action for business injuries it alleges arose from an unlawful conspiracy in restraint of trade between Apple, Inc. and five major publishing companies, who are the Defendants. We have ruled that the publisher Defendants and Apple did indeed conspire unlawfully to restrain trade in violation of the Sherman Act. *See United States et al. v. Apple, Inc. et al.*, 791 F.3d 290 (2d Cir. 2015). The unlawful conspiracy was effected by the publishers simultaneously changing their business practices to abandon the wholesale business model in favor of the agency pricing model. Under the former wholesale business model, the publishers would sell ebooks to retailers and suggest a retail price, but retailers retained discretion to sell at prices higher or lower than the publisher's suggested price. Under the new agency pricing model the publisher required the retailer to sell the ebook at a retail price of the publisher's choosing, and the publisher paid the retailer a commission for each sale.

Diesel eBooks was an independent ebook retailer whose revenues dropped precipitously in the wake of the switch to agency pricing, and it claimed that the switch to agency pricing was the cause of its decline. The district court (Cote, *J.*) granted summary judgment in favor of the publisher Defendants, determining that the record left no genuine issue of material fact as to antitrust injury or causation. *See Lavoho, LLC v. Apple, Inc., et al.*, ___ F.Supp.3d ___, 2016 WL 556636 (S.D.N.Y. Feb. 10, 2016). Based on the undisputed facts in the record, the district court determined that Diesel's business was not grounded in price competition, that it contemporaneously viewed the adoption of agency pricing as a boon, and that its decline was not a legally cognizable antitrust injury flowing from the unlawful nature of the conspiracy. *See id. at* ___, 2016 WL 556636 at *14. This timely appeal followed.

"We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We have carefully reviewed the summary judgment record, and we agree with the district court's determination that the record permits no genuine dispute as to any material fact underlying the conclusion that, as a matter of law, the Appellant suffered no antitrust injury caused by the unlawful antitrust conspiracy.

We affirm for the reasons set forth in the district court's thorough and well-reasoned written decision, which we hereby adopt. *See* ___ F.Supp.3d ___, 2016 WL 556636.